IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:02-CR-0108-H (08) |
| ) | No. 3:04-CV-1559-H (BH) |
| JOHN ALAN LOYD, ID # 19657-198, ) | ECF |
|     Movant/Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On June 26, 2002, a grand jury indicted movant of conspiring to manufacture and to possess with the intent to distribute methamphetamine. On February 28, 2003, movant pled guilty to the sole count in the indictment. In his plea agreement, he waived his right to appeal his conviction and sentence, and further waived his right to contest his conviction and sentence in any collateral proceeding. However, he specifically reserved the right to appeal (a) any punishment imposed in excess of a statutory maximum, (b) an upward departure from the guideline range deemed applicable by the district court, and (c) an arithmetic error at sentencing. On July 17, 2003, the Court entered

judgment upon movant's guilty plea and sentenced him to 300 months imprisonment. Although movant filed an appeal, he withdrew his appeal on March 9, 2004.

In July 2004, movant filed the instant motion to vacate wherein he claims in seven grounds for relief that (1) his guilty plea was unlawfully induced, involuntary, and made without an understanding of the nature of the charge and the consequences of his plea; (2) he was denied the effective assistance of counsel; and (3) he was denied his rights under the Sixth Amendment to have a jury determine facts used to enhance his sentence; (4) his conviction was obtained by use evidence gained pursuant to an unconstitutional search and seizure; and (5) the prosecutor engaged in misconduct by suppressing evidence favorable to him.[1] With respect to his first claim, movant specifically alleges that he was induced into pleading guilty by his attorney without full awareness of the consequences of his plea. He further alleges that his plea was rendered invalid when the Court "used prior conduct, my absconding and alleged faking death for enhancement purposes" without those facts being proven beyond a reasonable doubt. He also alleges that the government breached the plea agreement by increasing his sentence for obstructing justice and creating a substantial risk of harm to human life or the environment. With respect to his second claim, he specifically alleges that his attorney (a) failed to object when government used prior conduct to enhance his sentence; (b) advised him that he would be given a short sentence and possibly probation for his substantial assistance; (c) failed to timely secure records for appeal; (d) did not fully research, evaluate, and prepare a defense in this case; and (e) failed to fully inform him of the

---

[1] Although movant initially filed no memorandum to support his § 2255 motion, the Court has informed the parties by contemporaneous order that, it will consider the memorandum submitted in support of movant's motion to amend when resolving the instant § 2255 motion. As stated in the contemporaneous order, such consideration of the supporting memorandum is limited to clarifying and expounding upon the claims raised in the original motion to vacate.

2

consequences of the waiver of his appellate rights. In his third claim, movant relies upon *United States v. Booker*, 543 U.S. 220 (2005) to allege that he was denied his rights under the Sixth Amendment to have a jury determine the weight of drugs attributable to him and whether he obstructed justice and created a substantial risk of harm to human life or the environment. Movant's claim of unconstitutional search and seizure relates to a search that occurred after his arrest on February 22, 2001, for writing a "bad check." In his last claim, petitioner alleges that the prosecutor failed to disclose evidence favorable to the defense – namely that his fingerprints were not found on "two trash bags or empty propane tanks" and that the contents were never linked to him.

On September 28, 2004, the government moved to dismiss the instant motion to vacate on grounds that movant has waived his right to present such claims in this collateral attack to his conviction, and that the claims are otherwise without merit. In response to such motion, movant contends that his plea was not knowing or voluntary, and that his claim of ineffective assistance of counsel should be responded to on the merits. He argues that the transcript of his plea hearing does not demonstrate that he entered a voluntary, intelligent, and voluntary waiver of his right to seek post conviction relief or that he received ineffective assistance of counsel in reaching his decision to plead guilty. He further argues that the waiver of his right to collaterally attack his conviction in a § 2255 action does not apply to claims of ineffective assistance of counsel.

## II. VOLUNTARINESS OF GUILTY PLEA AND RELATED WAIVERS

"When a defendant pleads guilty he or she . . . forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). For example, with an informed and voluntary waiver, a defendant may waive his right to pursue claims in a motion to vacate. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States*

3

*v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). Because a plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances – even though the defendant may not know the specific detailed consequences of invoking it." *Id.* at 630. With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id.* Although "the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be . . . the Constitution does not require the prosecutor to share all useful information with the defendant." *Id.* at 629.

In this instance, movant contends that his guilty plea was unlawfully induced, involuntary, and made without an understanding of the nature of the charge and the consequences of his plea. He further contends that his plea was rendered invalid when the Court enhanced his sentence in violation of *Booker* and the government violated the plea agreement. He also claims that ineffective assistance of counsel rendered his plea involuntary.

A review of the record as a whole reflects that movant, a forty-six-year-old man with a GED, faced a charge that he conspired to manufacture and possess with intent to distribute more than 500

grams of methamphetamine. The record reflects that movant was informed about and understood the nature of the charge against him. He knew the maximum prison term and fine which he could face for the charged offense. The plea agreement indicates that movant understood that he was waiving certain Constitutional rights by pleading guilty. The agreement also indicates that the Court would impose the sentence in accordance with the sentencing guidelines, that "[t]here is no agreement as to what the sentence will be", that "[t]here have been no representations or promises from anyone as to what this Court will impose", and that "no one can predict with certainty what guideline range will be applicable in this case until after a presentence investigation has been completed and the Court has ruled on the results of that investigation." The agreement lastly indicates that the plea agreement constitutes the entirety of the agreement entered in this case. The waiver provision of the plea agreement explicitly and unambiguously waives movant's right to directly appeal or collaterally challenge his conviction and sentence pursuant to 28 U.S.C. § 2255 except in limited circumstances.

In addition, the transcript of the rearraignment proceedings clearly shows that movant was informed of such waiver. When the Court admonished him in accordance with Fed. R. Crim. P. 11, he specifically indicated that he had no questions about the agreement. In light of the statements of movant and his attorney at rearraignment, the Court found "that the plea is voluntarily and understandingly entered." The totality of the circumstances shows that, at the time of the rearraignment proceedings and the entry of his plea, movant understood that he was waiving his appellate rights as set forth in the plea agreement. He entered such plea with sufficient knowledge regarding the waiver of his appellate rights, including his right to present claims in a collateral attack pursuant to 28 U.S.C. § 2255.

Moreover, prisoners who challenge their guilty pleas on collateral review must overcome various presumptions related to court documents and prior testimony.

> [R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). Movant has not overcome these presumptions.

For these reasons, petitioner's contention that his guilty plea was unlawfully induced, involuntary, and made without an understanding of the nature of the charge and the consequences of his plea presents no basis to find that he entered his plea involuntarily.

Furthermore, although "an ineffective assistance of counsel argument survives a waiver of appeal . . . when the claimed assistance directly affected the validity of that waiver or the plea itself", *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), movant has shown no ineffective assistance of counsel that rendered his plea involuntary. Given that movant knew that the Court was charged with sentencing him within the statutory range of punishment up to life imprisonment, that the plea agreement contained no promise of a sentence within a specific range of punishment, and that he

swore in open court that he understood and approved the plea agreement, movant has shown no reasonable probability that, but for the alleged inducement from counsel, he would not have pled guilty and would have insisted on going to trial. *See United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). The written plea agreement and in-court colloquy negates all of the alleged misinformation from counsel. "Whatever counsel had told [movant], clearly there was no prejudice because [movant] was fully advised at the time of the taking of the plea that the District Court was not party to an agreement or promise of any kind." *United States v. Ritter*, 93 Fed. App'x 402, 405 (3d Cir. 2004). The Court finds no ineffective assistance of counsel that renders movant's plea involuntary or unknowing.

The Court also finds that the plea was not rendered invalid by subsequent actions of the Court or the prosecutor. The prosecutor breached no promise in the plea agreement. The enhancement of his sentence by the Court does not invalidate his plea. *Booker*, furthermore, does not "alter the plain meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005). Consequently, a waiver that was signed prior to the issuance of *Booker* is enforceable. *Id.* at 746-47.

The Court should reaffirm its finding that movant voluntarily and understandingly pled guilty to the charge against him. By such plea, movant voluntarily waived his right to collaterally attack his conviction or sentence in a motion to vacate, except on three specific grounds not raised in the instant motion to vacate. Thus, because movant has raised no claim specifically exempted from his waiver, his informed and voluntary waiver bars collateral relief in this case. In view of movant's waiver, it is clear that he is entitled to no relief on his claims. Consequently, the Court should grant the government's motion to dismiss, and dismiss this action.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT** the government's motion to dismiss, and **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 22nd day of February, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE